UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISON

STACEY CALABRESE,

    Plaintiff,

vs.

CAPITAL ONE BANK (USA), N.A.,

    Defendant.

_____/

CASE NO.:

3:18-cv-732-J-32 JBT

DEMAND FOR JURY TRIAL

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, STACEY CALABRESE., by and through undersigned counsel, hereby sue the Defendant, CAPITAL ONE BANK (USA), N.A., and in support thereof respectfully, alleges the following:

1. Plaintiff alleges violations of the Federal Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the FDCPA and/or by 28 U.S.C. § 1332, diversity jurisdiction.

3. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 748 (2012); *and*

*Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. Ct. App. 2014).

4. Venue is proper in this District because the Plaintiff resides in this District (Duval County, Florida) and the Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

5. Plaintiff STACEY CALABRESE is a natural person, and citizen of the State of Florida, residing in Duval County, Florida, and resides in this District.

6. Defendant is a financial entity with its principal place of business at 1680 Capital One Drive, McLean, VA, 22102-3491, and which conducts business within the State of Florida.

7. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, in St. Johns County, Florida, by the improper filing of suit against Plaintiff.

8. Defendant, at all material times, was attempting to collect on a credit card account debt entered into by Plaintiff, STACEY CALABRESE. (hereinafter the "subject account"), which was originally issued and serviced by Synchrony Bank, which was assigned to Defendant.

## RELEVANT FACTS

9. Plaintiff resides in Jacksonville, Duval County, Florida.

10. In 2016, Plaintiff entered into a credit card agreement with Defendant.

11. By 2018, Plaintiff had a debt with Defendant (the "Debt").

12. On May 4, 2018, Defendant filed a lawsuit in St. Johns county court against Plaintiff for the collection of the Debt (Uniform Case No. 552018SC000823A000XX).

13. Defendant had personal information regarding Plaintiff demonstrating that she lived in

Duval County and served Plaintiff in Duval County, Florida.

## COUNT I
### (Violation of the FDCPA)

14. Plaintiff STACEY CALABRESE incorporates by reference paragraphs one (1) through fourteen (14) of this Complaint as though fully stated herein.

15. The Defendant is a debt collector as defined by the Fair Debt Collection Practices Act (FDCPA). § 15 USC 1692 803(6). The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. § 1692i (failing to bring a debt collection action against a debtor in the proper venue) and 15 U.S.C. § 1692d (A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt).

17. The FDCPA, 12 U.S.C. § 1692i, states, in part that "Any debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity . . . (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action."

18. When collection suits are filed in state court, "judicial district or similar legal entity" refers to judicial 1502*1502 subdivisions of a state court system, not to federal district court subdivisions. *Martinez v. Albuquerque Collection Serv.*, 867 F. Supp. 1495, 1501-1502 (Dist. Ct. D. New Mexico, 1994) *citing Dutton v. Wolhar*, 809 F.Supp. 1130, 1139 (D.Del. 1992) *and Action Prof. Servs. v. Kiggins*, 458 N.W.2d 365, 367 (S.D.1990).

3

19. The venue provision of the FDCPA was designed to limit the ability of debt collectors to file debt collection actions in courts inconvenient to the debtor. *Blakemore v. Pekay,* 895 F. Supp. 972 (Dist. Ct. ND Illinois, 1995).

20. "Filing in the wrong county . . . is clearly a violation of section 1692i." *Blakemore,* at 979, *citing Oglesby et al v. Rotche et al.,* 1993 WL 460841 (N.D.Ill.1993) (Plunkett, J.); *Newsom v. Friedman,* No. 94 C 5312 Slip Op. at 4 (N.D.Ill.1995) (Kokoras, J.); *Action Professional Svc. v. Kiggins et al.,* 458 N.W.2d 365 (S.D.1990); *Dutton v. Wolhar,* 809 F.Supp. 980*980 1130 (D.Delaware 1992); and S*hapiro and Meinhold et al. v. Zartman,* 823 P.2d 120, 123 (Colo.1992).

21. The Federal Trade Commission has specifically noted this issue, as well, in a staff letter. The September 12, 1989 staff letter explains that section 1692i(a)(2):

Requires that the suit be brought in the county where the consumer resides at the commencement of he [the] action regardless of the fact that the other four counties are located within the same judicial circuit.... Congress intended to incorporate into section 811 [codified at 15 U.S.C. § 1692i(a)(2)] the 'fair venue standards' developed by the Federal Trade Commission under section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45. Under those standards, the Commission had consistently prohibited the bringing of suits in counties other than where consumers reside or signed the contracts sued upon, the Commission's objective being to insure that consumers are sued in the most convenient and closest forums. [Emphasis in original]

(FTC Advisory Letter from Rachelle Browne to John P. Schwulst of 9/12/92).

22. Although Defendant's attorneys filed the suit, "[d]ebt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct." *See Martinez,* at 1502, *citing* 17 Am.Jur.2d Consumer Protection § 200 (1990) (debt collector liable for its attorney's conduct because otherwise collector could evade the FDCPA by hiring attorney to do what it could not do); *also see Fox v. Citicorp Credit Servs., Inc.,* 15 F.3d 1507, 1516 (9th Cir.1994) (after repeal of

4

attorney exemption, debt collector still liable under the FDCPA for its attorney's conduct; otherwise the venue provision superfluous for the first nine years of its operation); *Kimber v. Fed. Fin. Corp.*, 668 F.Supp. 1480, 1486 (M.D.Ala.1987) (while attorney exemption intact, debt collector liable under the FDCPA for its attorney's violations); *West v. Costen*, 558 F.Supp. 564, 573 (W.D.Vir.1983) (creditor corporation liable under the FDCPA for the acts of its independent collection agents).

23. It is clear, therefore, that failure to file suit in the proper county, Duval County, Florida, was a violation of the FDCPA by the Defendant.

24. This type of violation demonstrates an interest in harassment and abuse of venue in order to require the debtor to travel to another county in order to respond to Defendant's complaint.

25. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**WHEREFORE**, Plaintiff. STACEY CALABRESE respectfully demands a trial by jury on all issues so triable and judgment against Defendant, CAPITAL ONE BANK (USA), N.A. for statutory damages, actual damages, treble damages, punitive damages, costs, fees, interest, and any other such relief the court may deem just and proper.

## TRIAL BY JURY

26. Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable.

## SPOILATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence – paper, audio recordings, electronic documents, or data – pertaining to this litigation as required by law.

Dated this 7th day of June, 2018,

**MAX HUNTER STORY, P.A.**

/s/ Max Story
Max Story, Esquire
Florida Bar No. 0527238
Austin J. Griffin, Esquire
Florida Bar No. 117740
328 2ND Avenue North
Jacksonville Beach, Florida 32250
Telephone: (904) 372-4109
Fax: (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
Attorneys for Plaintiff